IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRINE N. CHIEVES | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-08-CV-2294-L |
| GREYHOUND BUS STATION | § § § | |
| Defendant. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil rights action brought by Darrine N. Chieves, a *pro se* litigant proceeding *in forma pauperis*, against the Greyhound Bus Station in Dallas, Texas. On December 31, 2008, plaintiff tendered a one-page handwritten complaint asserting claims for verbal assault, assault and battery, and theft against an unidentified security guard and "Dallas state employee." Because the complaint does not allege any facts to support these claims, the court sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. The interrogatories were mailed to plaintiff at his address, 1835 Assembly Street, Columbia, South Carolina 29201, on January 9, 2009. Two weeks later, on January 22, 2009, the unopened envelope containing the interrogatories was returned to the clerk with the notation, "Return to

Sender/Attempted--Not Known/Unable to Forward." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff at 1835 Assembly Street, Columbia, South Carolina 29201--the address listed in his complaint. However, it appears that plaintiff no longer resides at that location and he has not provided the court with his current address. Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (dismissing complaint for failure to provide court with current address).

## **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 3, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE